ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER OF JANUARY 26, 1989 CONCERNING THE PROPER CONSTRUCTION OF THE STATUTES GOVERNING THE GRANTING OF MILITARY SERVICE CREDITS FOR USE AS PARTICIPATING SERVICE CREDITS IN THE OKLAHOMA PUBLIC EMPLOYEES RETIREMENT SYSTEM (OPERS). DUE TO THE FACT THAT THERE ARE PENDING MATTERS REGARDING THIS AREA CURRENTLY IN ADMINISTRATIVE LITIGATION BEFORE OPERS, IT IS NOT POSSIBLE AT THIS TIME TO ISSUE A FORMAL OPINION AS REQUESTED. HOWEVER, ATTORNEY GENERAL HENRY HAS AUTHORIZED ME TO PROVIDE YOU WITH THE FOLLOWING INFORMATIONAL LETTER.
TITLE 74 O.S. 913 (1988) GOVERNS THE MANNER IN WHICH MEMBERS OF OPERS MAY HAVE PRIOR AND PARTICIPATING SERVICE CREDITS CALCULATED FOR USE IN DETERMINING RETIREMENT BENEFITS. SUBSECTION (2)(C) OF 74 O.S. 913(2)(C) SECTION 913 CURRENTLY STATES:
 "(C) ANY MEMBER WHO HAS SERVED IN THE ARMED FORCES OF THE UNITED STATES, AS DEFINED IN SUBSECTION (23) OF SECTION 902 OF THIS TITLE, SHALL BE GRANTED PARTICIPATING SERVICE FOR THOSE PERIODS OF ACTIVE MILITARY SERVICE DURING WHICH HE WAS A WAR VETERAN PROVIDED THIS SERVICE IS IMMEDIATELY PRECEDED BY A PERIOD OF EMPLOYMENT WITH A PARTICIPATING EMPLOYER AND IS FOLLOWED BY RETURN TO EMPLOYMENT AS AN EMPLOYEE WITH THE SAME OR ANOTHER PARTICIPATING EMPLOYER WITHIN NINETY (90) DAYS IMMEDIATELY FOLLOWING DISCHARGE FROM SUCH MILITARY SERVICE PROVIDED THE MEMBER LEAVES HIS ACCUMULATED CONTRIBUTIONS ON DEPOSIT WITH THE FUND."
TITLE 74 O.S. 902(23) RECITES, IN TURN:
 "(23) "MILITARY SERVICE" MEANS SERVICE IN THE ARMED FORCES OF THE UNITED STATES IN TIME OF WAR OR NATIONAL EMERGENCY, AS DEFINED IN SECTION 67.13A OF TITLE 72 O.S. 67.13(A), FROM WHICH THE MEMBER WAS HONORABLY DISCHARGED;"
 THIS THIRD STATUTORY REFERENCE, 72 O.S. 67.13A, PROVIDES, IN PERTINENT PART:
 THE WORDS "WAR VETERANS" USED IN SECTION 67.13 OF THIS TITLE SHALL BE CONSTRUED TO MEAN SUCH HONORABLY DISCHARGED PERSONS AS:
* * * * *
 (G) SERVED IN THE ARMED FORCES OF THE UNITED STATES AT ANY TIME DURING THE PERIOD WHICH BEGAN ON AUGUST 5, 1964, AND ENDED ON MAY 7, 1975; EXCEPT THAT SUCH PERIOD SHALL BE DEEMED TO HAVE ENDED ON DECEMBER 31, 1976, WHEN DETERMINING ELIGIBILITY FOR EDUCATION AND TRAINING BENEFITS.
THE TERM "WAR VETERANS" SHALL INCLUDE ONLY THOSE PERSONS WHO SHALL HAVE SERVED DURING THE TIMES OR IN THE AREAS PRESCRIBED HEREINABOVE.
* * * * *
WAR VETERANS, AS DEFINED ABOVE, SHALL RECEIVE MAXIMUM BENEFITS AS AVAILABLE FOR EACH YEAR OF CREDITABLE SERVICE, NOT TO EXCEED FIVE (5) YEARS, FOR ACTIVE MILITARY SERVICE FOR RETIREMENT BENEFITS IN THE RETIREMENT SYSTEMS WITHIN THE STATE OF OKLAHOMA . . .
YOU INQUIRE WHETHER THIS SERIES OF INTERRELATED STATUTES INTENDS THAT A PERSON WHO BEGAN ACTIVE MILITARY SERVICE DURING THE TIME PERIOD REFERENCED ABOVE, BUT WHOSE ACTIVE MILITARY SERVICE EXTENDED BEYOND THE LAST DATE SET FORTH, MAY 7, 1975, IS ENTITLED TO OPERS PARTICIPATING CREDIT FOR HIS ENTIRE ACTIVE MILITARY SERVICE PERIOD (UP TO THE MAXIMUM OF FIVE YEARS), OR WHETHER HE IS ENTITLED ONLY TO RECEIVE SUCH CREDIT FOR THE TIME PERIOD SERVED WITHIN THE AUGUST 5, 1964 — MAY 7, 1975 TIME FRAME.
THE CARDINAL RULE OF STATUTORY CONSTRUCTION IS TO ASCERTAIN THE INTENT OF THE LEGISLATURE, AND IF POSSIBLE TO GIVE EFFECT TO THAT INTENT. WALKER V. ST. LOUIS S.F. RY. CO., 671 P.2D 672 (OKLA. 1983). IN SO DOING, ALL RELEVANT STATUTORY PROVISIONS MUST BE CONSTRUED TOGETHER, SO THAT FORCE AND MEANING IS GIVEN TO EACH. DANA P. V. STATE, 656 P.2D 253 (OKLA. 1982).
UTILIZING THESE WELL ESTABLISHED RULES OF STATUTORY CONSTRUCTION, AND REVIEWING THE TERMS OF THE THREE RELEVANT STATUTES TOGETHER, RATHER THAN IN ISOLATION FROM ONE ANOTHER, IT IS EVIDENT THAT THE LEGISLATURE HAS LIMITED THESE MILITARY PARTICIPATING SERVICE CREDITS AVAILABLE TO OPERS MEMBERS TO TIME SERVED IN ACTIVE MILITARY SERVICE BETWEEN THE DATES OF AUGUST 5, 1964 AND MAY 7, 1975. PERIODS OF ACTIVE MILITARY SERVICE SERVED OUTSIDE THE LIMITS OF THIS TIME PERIOD, EITHER BEFORE OR AFTER SAME, IS NOT ELIGIBLE FOR USE BY OPERS FOR THE CREDITING OF PARTICIPATING SERVICE.
YOU STATE IN YOUR LETTER THAT THIS LIMITATION MIGHT BE CONSIDERED UNREASONABLE BY MANY PERSONS, GIVEN THAT THE DATES SET FORTH ARE ARBITRARY IN THE SENSE THAT PERSONS SERVED IN VIETNAM CONFLICT IN VERY REAL COMBAT SITUATIONS BOTH BEFORE AND AFTER THE DATES SET FORTH. I CERTAINLY CANNOT DISAGREE THAT SUCH SERVICE WAS NO DOUBT ENGAGED IN BY SOME PERSONS. HOWEVER, AS WITH THE OTHER TIME FRAMES ESTABLISHED IN 72 O.S. 67.13A, SUCH AS THOSE RELATIVE TO SERVICE IN WORLD WARS I AND II, THE LEGISLATURE CERTAINLY HAS THE POWER TO PROVIDE FOR SUCH TIME LIMITS. BY THE SAME TOKEN, IF THE LEGISLATURE TODAY FEELS THAT SOME CHANGES IN THE STATUES IS APPROPRIATE, IT CERTAINLY HAS THE POWER TO ALTER SAME.
(MICHAEL SCOTT FERN)